UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICKIE RAY CARROLL,<br><br>                Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social Security Administration,<br><br>                Defendant. | CASE NO. 11cv5607-RJB-JRC<br><br>REPORT AND RECOMMENDATION ON MOTION TO DISMISS<br><br>NOTING DATE:<br>November 4, 2011 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261, 271-72 (1976). This matter is before the Court on defendant's Motion to Dismiss for lack of subject matter jurisdiction (<u>see</u> ECF No. 7). Defendant has filed a Memorandum in support of his Motion to Dismiss (<u>see</u> ECF No. 8), and plaintiff has filed a Response (<u>see</u> ECF No. 15).

Viewing favorably the facts supporting jurisdiction, the Court concludes that plaintiff has raised a colorable constitutional claim of a due process violation implicating his right to a meaningful opportunity to be heard and to seek reconsideration of an adverse benefits determination. In addition, plaintiff's due process claim here is collateral to his substantive claim for benefits, is colorable in its showing that denial of relief will cause irreparable harm, and failure to waive the exhaustion requirement is not likely to result in the Administration's correction of any error through administrative review. For these reasons, defendant's Motion to Dismiss should be denied.

## BACKGROUND

Plaintiff, RICKEY RAY CARROLL, was born in 1961 and was forty-two years old on his alleged disability onset date of May 30, 2004 (see Defendant's Memorandum in Support of Motion to Dismiss, ECF No. 8, Attachment 2, p. 1). He alleged disability due to, among other issues, his alleged back pain as a result of severe multilevel degenerative disc disease with disc bulging and severe spinal stenosis with nerve encroachment (see Plaintiff's Response to Motion to Dismiss , ECF No. 15, p. 1; see also Plaintiff's Declaration of Plaintiff's Counsel, ECF No. 16, Attachment 1, pp. 1-2).

## PROCEDURAL HISTORY

Plaintiff filed applications for a period of disability, disability benefits and supplemental security income benefits on June 13, 2008 (see Defendant's Memorandum, ECF No. 8, Attachment 1, Declaration of Marion Jones, p. 2; see also Attachment 2, pp. 1-9). Plaintiff reported his address as "C/O TPI, 475 NW Glisan St., Portland, OR 97209" (see Defendant's Memorandum, ECF No. 8, Attachment 1, Declaration of Marion Jones,

p. 2; see also Attachment 2, pp. 1, 4, 6, 9). His applications were denied initially on August 28, 2008 (see Defendant's Memorandum, ECF No. 8, Attachment 3, pp. 3-11).

On September 10, 2008, plaintiff executed an Appointment of Representative form, naming Kimberly K. Tucker of Swanson, Thomas & Coon, as his main representative (see Defendant's Memorandum, ECF No. 8, Attachment 4, p. 7). Defendant listed his address as the same address provided on his applications (see id.). His attorney also executed the form and listed her address as 820 SW 2nd Ave., Ste. 200, Portland, OR 97204 (see id.).

On September 19, 2008, the Administration received a request for reconsideration of the denial of plaintiff's claims (Defendant's Memorandum, ECF No. 8, Attachment 4, pp. 1-2). According to plaintiff, this request for reconsideration was sent along with multiple documents, medical records and a request for a disc copy of plaintiff's file, and was sent by certified mail on September 17, 2008 (see Plaintiff's Declaration, ECF No. 16, Attachment 2, pp. 1-2). Plaintiff contends that defendant failed to send him or his counsel a copy of his file (see Response, ECF No. 15, p. 3). Defendant does not reply to this contention.

According to defendant, on December 1, 2008 defendant attempted to send to plaintiff a notification that plaintiff had failed to send forms regarding his claims for benefits (see Defendant's Memorandum, ECF No. 15, Attachment 5, pp. 1-2). In support of this contention, defendant attached an envelope with a "refused, unable to forward" stamp (see id., p. 2). Defendant also contends that plaintiff's file of record with the Administration reflects that a copy of this letter to plaintiff was sent to plaintiff's counsel

(see Defendant's Memorandum, ECF No. 15, Attachment, 1, Declaration of Marion Jones, p. 3). The letter allegedly sent to plaintiff and returned by the postmaster indicates on its face: "cc: Kimberly K. Tucker," although no address is listed for plaintiff's representative on the letter (see Defendant's Memorandum, ECF No. 15, Attachment 5, p. 1).

Defendant contends that on January 12, 2009, the Administration mailed a notice of denial of reconsideration to both plaintiff and plaintiff's representative at their addresses of record (see Defendant's Memorandum, ECF No. 8, p. 3; see also id., Attachment 1, p. 3). The notice of denial of reconsideration that is attached as an exhibit in support of this contention indicates that such denial "refers only to your claim for benefits under the Social Security Disability Insurance Program" (see Defendant's Memorandum, ECF No. 8, Attachment 6, p. 1). The attached notice also indicates that if plaintiff applied for other benefits, such as supplemental security income benefits, plaintiff would "receive a separate notice when a decision is made on that claim(s)" (id.). Defendant does not contend that any notice was ever provided to plaintiff regarding any denial of reconsideration regarding his claim for supplemental security income benefits.

In addition, although the notice of denial of reconsideration attached as an exhibit to defendant's memorandum has a space at the top of the letter for a date, this space is blank; the notice is undated (see id.).

Defendant's claim that this notice of denial of reconsideration was sent on January 10, 2009 is based on a declaration by a person under the supervision of the Acting Chief of Court Case Preparation and Review, who testified that she has examined the

Administration's copy of plaintiff's file and concluded that it was sent on that date. (Defendant's Memorandum, ECF No. 8, Attachment 1, Declaration of Marion Jones, pp. 1-3). The notice of denial of reconsideration also indicates that various medical records were reviewed in the course of making the determination to deny reconsideration (Defendant's Memorandum, ECF No. 8, Attachment 6, p. 4).

On October 27, 2009, plaintiff's attorney sent the Administration a Request for Hearing, indicating that neither plaintiff nor his attorney had received any written notice of denial of reconsideration (Defendant's Memorandum, ECF No. 8, Attachment 6, p. 5). At this time, plaintiff's address was listed as "3405 172nd Street, NE #5, Box 321, Arlington, WA 98223" (id., p. 6). Plaintiff's attorney requested that good cause be found for plaintiff's alleged late request for a hearing due to the allegations that neither plaintiff nor his counsel received any written notice of denial of reconsideration (id. at p. 5).

On November 2, 2009, the Administration sent plaintiff and his counsel an acknowledgement of plaintiff's request for hearing and for review of the denial of reconsideration, and requested that plaintiff provide an explanation for his alleged late request for review (see Defendant's Memorandum, ECF No. 8, Attachment 7, p 1). This acknowledgement indicates a carbon copy to plaintiff's attorney: "CC: Kimberly K. Tucker," and also lists the address on file for plaintiff's attorney (see id.).

On December 4, 2009, plaintiff's counsel sent the Administration a letter requesting a "good cause" exception, indicating that "[n]o notification of Mr. Carroll's denial was received by Mr. Carroll or by my office" (see id., p. 3). Plaintiff indicated further that the first notice received by plaintiff or his counsel that plaintiff's claim had

REPORT AND RECOMMENDATION - 5

been denied "was in September when an (sic) telephone inquiry was made to Mr. Carroll's assigned filed office regarding the status of his case" (id.).

On January 27, 2010, Administrative Law Judge Mary Gallagher Dilley ("the ALJ") issued an order of dismissal as to plaintiff's request for a hearing due to plaintiff's alleged late filing of his request (see Defendant's Memorandum, Attachment 8, pp. 3-4). On March 12, 2010, plaintiff's counsel requested review of this order of dismissal and supported this request with a memorandum submitted on July 30, 2010 (id., pp. 7-10). On February 4, 2011, the Appeals Council denied plaintiff's request for review, making the January 27, 2010 ALJ order of dismissal of plaintiff's request for a hearing the final Agency decision (see Defendant's Memorandum, Attachment 9, pp. 1-2).

Plaintiff filed a complaint seeking judicial review on April 7, 2011 (see ECF No. 1). On August 8, 2011, defendant filed a Motion to Dismiss, contending that this Court is without subject matter jurisdiction to hear this matter (see Motion to Dismiss, ECF No. 7; Defendant's Memorandum, ECF No. 8, p. 2). See also Fed. R. Civ. P. 12(b)(1). On August 29, 2011, plaintiff filed a Response to Defendant's Motion to Dismiss (see ECF No. 15). Defendant has not filed any reply.

## STANDARD OF REVIEW

Federal courts have limited jurisdiction and "possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (citations omitted). When presented with a motion to dismiss for lack of subject matter jurisdiction, a plaintiff has the burden to demonstrate that this Court has

jurisdiction. Kokkonen, supra, 511 U.S. at 377 (citation omitted); see also Fed. R. Civ. P. 12(b)(1).

Here, where defendant has challenged the Court's subject matter jurisdiction, defendant can "rely on affidavits or any other evidence properly before the Court." St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989) (citations omitted). Given that circumstance, plaintiff may "present affidavits or any other evidence necessary to satisfy [the] burden of establishing that the Court, in fact, possesses subject matter jurisdiction." Id. As stated by the Ninth Circuit, the Court "obviously does not abuse its discretion by looking to this extra-pleading material in deciding the issue, even if it becomes necessary to resolve factual disputes." Id. (*citing* Thornhill Publishing Co. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979)). When presented with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, the Court favorably views "the facts alleged to support jurisdiction." McNatt v. Apfel, 201 F.3d 1084, 1087 (9th Cir. 2000) (*citing* Boettcher v. Sec. Health & Human Servs., 759 F.2d 719, 720 (9th Cir. 1985)); cf. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555(2007) (to survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true" (citations omitted)).

This Court has statutory jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Pursuant to the relevant federal regulations, a claimant obtains a judicially reviewable final decision only after completing all of the required steps, including asking for reconsideration of an

initial determination, requesting a hearing and requesting review by the Appeals Council. See 20 C.F.R. §§ 404.907, 404.929, 404.967. A claimant seeking judicial review must then either receive a decision by the Appeals Council or notice from the Appeals Council that it has denied the claimant's request for review. 20 C.F.R. §§ 404.981, 122.210(a).

DISCUSSION

Plaintiff admits that he has not received a hearing, nor a final decision within the meaning of 42 U.S.C. § 405(g) (see Response, ECF No. 15, p. 5). However, plaintiff contends that these admissions are not determinative of his right to judicial review as he has alleged a constitutional due process challenge that is collateral to his substantive claim for benefits (see id.).

Although the Court has jurisdiction pursuant to statute to review only the final decision of the Social Security Administration made after a hearing, a discretionary decision by the Commissioner that is not a final decision made after a hearing may be subject to an exception where the Commissioner's decision "is challenged on constitutional grounds." Evans v. Chater, 110 F.3d 1480, 1482 (9th Cir. 1997) (*citing* Califano v. Sanders, 430 U.S. 99, 109 (1977)); 42 U.S.C. § 405(g). The Ninth Circuit has "held that 'the Sanders exception applies to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination.'" Udd v. Massanari, 245 F.3d 1096, 1099 (9th Cir. 2001) (*quoting* Evans, supra, 110 F.3d at 1483); see also Sanders, supra, 430 U.S. at 107-09. According to the Ninth Circuit, a "challenge that is not 'wholly insubstantial, immaterial, or frivolous' raises a colorable

REPORT AND RECOMMENDATION - 8

constitutional claim." Udd, supra, 245 F.3d at 1099 (*quoting* Boettcher v. Sec. of Health & Human Serv., 59 F.2d 719, 722 (9th Cir. 1985)).

As stated by the Supreme Court, "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." Sanders, supra, 430 U.S. at 109. The Court noted the "well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed." Id. (citations omitted).

Because an individual's interest in social security benefits is a property interest created by statute and protected by the Fifth Amendment, if plaintiff here has raised properly a due process claim with respect to the denial of such benefits, this Court has jurisdiction over this matter. See Sanders, supra, 430 U.S. at 109; Mathews v. Eldridge, 424 U.S. 319, 332 (1976); Udd, supra, 245 F.3d at 1099; see also Evans, supra, 110 F.3d at 1483. Here, plaintiff alleges that the Commissioner violated plaintiff's constitutional right to due process by denying him a hearing in violation of the Commissioner's "own rules regarding notice and an opportunity to be heard" (see Response, ECF No. 15, pp. 6, 11). The Court finds appropriate the quote by the Ninth Circuit that "'it would be curious indeed if the Secretary could foreclose judicial review, for whatever reason, by merely denying the claimant a hearing' and that 'this concern is heightened where, as here, the claimant alleges that the agency denied him a hearing in violation of its own regulations.'" McNatt, supra, 201 F.3d at 1087 (*quoting* Howard v. Heckler, 661 F.Supp. 654, 656 (N.D. Ill. 1986)).

In order for this Court to have jurisdiction over this matter due to "the <u>Sanders</u> exception" to exhaustion of administrative remedies, plaintiff must state a "'colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination.'" <u>See</u> <u>Udd</u>, <u>supra</u>, 245 F.3d at 1099 (*quoting* <u>Evans</u>, <u>supra</u>, 110 F.3d at 1483); <u>see also</u> <u>Sanders</u>, <u>supra</u>, 430 U.S. at 107-09. Plaintiff's due process claim is colorable if it "is not 'wholly insubstantial, immaterial, or frivolous.'" <u>See</u> <u>Udd</u>, <u>supra</u>, 245 F.3d at 1099 (*quoting* <u>Boettcher, supra</u>, 59 F.2d at 722). Determining whether or not plaintiff's constitutional claim is colorable "necessarily involves a review of" the merits of plaintiff's due process claim. <u>See</u> <u>Boettcher</u>, <u>supra</u>, 759 F.2d at 722.

Here, plaintiff contends that neither he nor his counsel received notice that his request for reconsideration had been denied until plaintiff's counsel telephoned the agency for a status update in September, 2009 (<u>see</u> Response, ECF No. 15, p. 6; <u>see also</u> Defendant's Memorandum, ECF No. 8, Attachment 6, p. 5; Attachment 7, p. 3). Defendant contends that such notice was sent to plaintiff and his counsel on January 12, 2009 (<u>see</u> Defendant's Memorandum, ECF No. 8, p. 3; <u>see also</u> <u>id.</u>, Attachment 1, p. 3). However, defendant contends only that notice of denial of reconsideration of plaintiff's claim for Disability Insurance Benefits was sent to plaintiff on this date and does not contend that the Administration ever sent notice to plaintiff regarding any denial of reconsideration of plaintiff's claim for Supplement Security Income benefits (<u>see</u> Defendant's Memorandum, ECF No. 8, Attachment 6, p. 1).

REPORT AND RECOMMENDATION - 10

There is a question of fact as to when the Administration provided plaintiff with notice that his request for reconsideration of the initial denial of his claim for Disability Insurance Benefits was denied. The letter allegedly sent to plaintiff and his counsel to provide plaintiff with such notice is undated (see id.). The Court finds curious that this letter appears to be the only formal correspondence of the agency to be undated, in contrast to fourteen other correspondences from the agency attached to his Memorandum that are all dated (see id., Attachment 2, pp. 1, 4, 6, 9; Attachment 3, pp. 2, 3, 8; Attachment 4, pp. 1, 3, 6; Attachment 5, p. 1; Attachment 7, p. 1; Attachment 8, p. 1; Attachment 9, p. 1). For this reason and when viewing favorably the facts supporting jurisdiction, the Court must conclude for purposes of consideration of defendant's Motion to Dismiss only, that plaintiff first received notice of the denial of his request for reconsideration in September, 2009. See McNatt, supra, 201 F.3d at 1087.

The parties agree that after receiving notice of the Administration's denial of his claims on reconsideration, plaintiff requested a hearing and a review of the denial of reconsideration on October 27, 2009 (see Defendant's Memorandum, ECF No. 8, Attachment 6, p. 5). According to the relevant federal regulations, in order for a request for a hearing by the Administration to be timely, a claimant must file his request within "60 days after the date you receive notice of the previous determination or decision." 20 C.F.R. §§ 404.933(b)(1), 416.1433(b)(1). According to the relevant federal regulations, "Date you receive notice means 5 days after the date on the notice." 20 C.F.R. §§ 404.901, 416.1401. As noted previously, the written notice allegedly sent to plaintiff is

undated, creating ambiguity as to the date plaintiff received notice pursuant to the federal regulations.

On January 27, 2010, the ALJ issued an order of dismissal as to plaintiff's request for a hearing (see Defendant's Memorandum, Attachment 8, pp. 3-4). The ALJ noted that a "request for hearing must be filed within 60 days after the date the claimant *received notice* of the previous determination" (see id. (emphasis added)). Although the ALJ noted in the written decision that the "notice of the previous determination is presumed to have been received 5 days after the date on the notice," she failed to credit or note the fact that the notice does not have a date on it (see id.). The ALJ does not make any explicit finding as to when plaintiff received the notice and appears to utilize the presumption that it was received 5 days after the date on the notice irrespective of the fact that the notice does not have a date on it (see id.). The ALJ also found that the "Notice of Reconsideration was mailed 1/12/2009 to the claimant" (see id.). However, the ALJ does not provide any basis for this conclusion in her written decision. In addition, although the ALJ includes in her written decision the statement that "the record shows a copy of the T-2 notice was mailed to the representative," the ALJ does not indicate what date this notice allegedly was mailed and does not indicate what document in "the record" substantiates this finding (see id.). Defendant has not provided any exhibit to this Court that demonstrates how "the record" reflects any date of mailing of any notice of denial of reconsideration. Despite the lack of an explicit finding of a date of receipt by plaintiff and despite the lack of a date on the notice, which would allow for a presumption of receipt within five days, the ALJ concluded that plaintiff "filed the request for hearing more than 65 days after the date of

the notice of reconsideration determination," and dismissed plaintiff's request for hearing (see id.).

When viewing favorably the facts supporting jurisdiction and presuming for purposes of the Motion to Dismiss that plaintiff first received notice of denial of his request for reconsideration in September, 2009, this Court concludes that the ALJ's decision is contrary to the Administration's federal regulations regarding notice and an opportunity to be heard. See 20 C.F.R. §§ 404.933(b)(1), 416.1433(b)(1). The ALJ's decision resulted in plaintiff's inability to receive a hearing by an Administrative Law Judge on his substantive claims for Social Security benefits.

For these reasons, the Court concludes that plaintiff's due process claim is not wholly insubstantial, immaterial or frivolous; and, therefore plaintiff has raised a colorable constitutional claim of a due process violation implicating his right to a meaningful opportunity to be heard and to seek reconsideration of an adverse benefits determination. See Udd, supra, 245 F.3d at 1099; see also Sanders, supra, 430 U.S. at 107-09.

In addition, in the Ninth Circuit, the Court must make additional findings before determining whether or not jurisdiction is proper and an exception to the requirement of exhaustion of administrative remedies is appropriate. According to the Ninth Circuit, "the Supreme Court has suggested, and we have applied, a three-part test 'to determine whether a particular case merits judicial waiver of the exhaustion requirement.'" Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993) (citations omitted); see also Boettcher, supra, 759 F.2d at 721. This test requires that the claim is "(1) collateral to a substantive claim

of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." Johnson, supra, 2 F.3d at 921 (citation omitted).

According to the Ninth Circuit, a plaintiff's "claim is collateral if it is not essentially a claim for benefits." Johnson, supra, 2 F.3d at 921. Plaintiff's claim here that he was denied a hearing by an Administrative Law Judge without the appropriate notice and opportunity to be heard in violation of due process is separate from the merits of his claim for benefits, and is distinct from, and collateral to, his claim for benefits. See id.; Boettcher, supra, 759 F.2d at 721.

Plaintiff contends that irreparable harm is possible if this matter is dismissed as his insurance for disability benefits may preclude him from reapplying (see Response, ECF No. 15, pp. 7-8). Plaintiff furthermore contends that the factual information necessary to make this determination is within the Administration's copy of plaintiff's official disability claim file (see id.). As mentioned previously, plaintiff alleges that he requested that the Administration provide him with a copy of his file. Although only "persuasive authority," the Administration's Program Operational Manual Systems ("POMS") provides that claimants have a right to review the facts in their file and that when an appropriate representative requests a copy of the official disability claim folder, all documents comprising the official disability folder will be provided to the claimant. See POMS DI 12026.020(A)(2), available at:https://secure.ssa.gov/apps10/poms.nsf/lnx/0412026020; see also Warre v. Comm.

Soc. Sec. Admin., 439 F.3d 1001, 1005 (9th Cir. 2006); POMS SI 02302.310, p. 3, available at: https://secure.ssa.gov/apps10/poms.nsf/lnx/0502302310.

Defendant does not reply to plaintiff's contention that plaintiff may suffer irreparable harm due to his potential inability to reapply for benefits and does not reply to plaintiff's allegation that he unsuccessfully requested his official disability claim file multiple times. In addition, defendant does not allege that he has provided plaintiff with a copy of his file. If plaintiff's claim is dismissed, plaintiff will not receive judicial review of the Administration's denial of plaintiff's request for a hearing by an Administrative Law Judge on his Social Security claims and, as a result, may lose his ability to receive disability benefits to which he may otherwise be entitled. For these reasons, when viewing favorably facts supporting jurisdiction, the Court finds that plaintiff claim is "colorable in its showing that denial of relief will cause irreparable harm." Id. at 921; see also, Udd, supra, 245 F.3d at 1099.

Finally, regarding futility, the Court here should be guided by the policies that support the exhaustion requirement when making the determination as to whether or not it should be waived. Johnson, supra, 2 F.3d at 922. Generally, "the exhaustion requirement allows the agency to compile a detailed factual record and apply agency expertise in administering its own regulations." Id. When the requirement for exhaustion is not waived, the "agency will correct its own errors through administrative review." Id.

In Johnson, the Ninth Circuit was presented with an underlying claim that the Administration was applying a policy that was inconsistent with established regulations. See id. It found that a detailed factual record from the Administration to decide that

underlying issue was not needed. See id. (citation omitted). In addition, the court concluded that agency expertise was not required to decide the underlying issue, as it was one of statutory construction. See id. (citation omitted). The Ninth Circuit also noted that it was unlikely that any of the individual claimants before the court "could have succeeded in having the Secretary's policy overturned or his benefits restored through the administrative process." See id. (citation omitted). The Ninth Circuit therefore affirmed the waiver of the exhaustion requirement by the district court. See id.

Plaintiff's due process claim here includes the allegation that the Administration denied a hearing for plaintiff based on a finding that he received notice of the Administration's denial of his request of reconsideration in January, when he allegedly did not receive notice until September. As in the matter before the Ninth Circuit in Johnson, here, a detailed factual record from the Administration to decide the issue of whether or not plaintiff received proper notice and opportunity to be heard is not needed. The Court has all the facts available to decide the issue. See id. (citation omitted). Similarly, here, as in Johnson, Agency expertise is not required to decide the issue of whether or not plaintiff was afforded due process when the Administration denied his request for a hearing. In addition, here, failure to waive the exhaustion requirement is not likely to result in the Administration's correcting "its own errors through administrative review." See id. Allowing this matter to proceed would be futile if the Administration was likely to correct its own error without judicial review from this Court. See id.

For these reasons, the Court concludes that application of the three-part test provides support for a determination that this "particular case merits judicial waiver of

the exhaustion requirement." See Johnson, 2 F.3d at 921. The Court already has concluded that plaintiff has raised a colorable constitutional claim of a due process violation implicating his right to a meaningful opportunity to be heard and to seek reconsideration of an adverse benefits determination. See Udd, supra, 245 F.3d at 1099; see also Sanders, supra, 430 U.S. at 107-09.

Finally, defendant urges this Court to apply Larsen v. Comm'r Soc. Sec. Admin, No. 08-35422, 2009 WL 2017538 (9th Cir. July 10, 2009) and Matlock v. Sullivan, 908 F.2d 492, 292 (9th Cir. 1990). In Larsen, plaintiff "failed to raise a due process claim before the district court," and in Matlock, no due process claim was alleged. Larsen, No. 08-35422, 2009 WL 2017538 at *1; Matlock, 908 F.2d at 493-94. This factor clearly distinguishes these cases from the matter at bar.

Therefore, for the aforesaid reasons, this Court has subject matter jurisdiction to hear plaintiff's claim and defendant's Motion to Dismiss should be denied.

CONCLUSION

Plaintiff has raised a colorable constitutional claim of a due process violation implicating his right to a meaningful opportunity to be heard and to seek reconsideration of an adverse benefits determination. In addition, plaintiff's due process claim here is collateral to his substantive claim for benefits, is colorable in its showing that denial of relief will cause irreparable harm and failure to waive the exhaustion requirement is not likely to result in the Administration's correction of any error through administrative review.

Based on these reasons, the undersigned recommends that defendant's Motion to Dismiss be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on November 4, 2011, as noted in the caption.

Dated this 11th day of October, 2011.

J. Richard Creatura
United States Magistrate Judge